447-07/MEU/MAM

FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
PHOENIX SHIPPING CORPORATION
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PHOENIX SHIPPING CORPORATION,                              07-Civ-

                                    Plaintiff,             **VERIFIED COMPLAINT**

        - against –

CONAGRA RESOURCES EUROPE LTD.,

                                    Defendant.
-------------------------------------------------------------x

        Plaintiff, PHOENIX SHIPPING CORPORATION, (hereinafter "PHOENIX") by its

attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant

CONAGRA RESOURCES EUROPE LTD. (hereinafter "CONAGRA") alleges upon

information and belief as follows:

        1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party. This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question

jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.  At all times relevant hereto, PHOENIX was and still is a foreign business entity duly organized and existing under the laws of the United States with an address at 1013 Centre Road, Wilmington, Delaware.

3.  At all times relevant hereto, CONAGRA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 1 Oaklands Court, Tiverton Way, Tiverton, Devon, EX16 6TG, United Kingdom.

4.  On or about July 3, 2007, PHOENIX, as disponent owner, and CONAGRA, as charterer, entered into a maritime contract on an amended Genfert charter party form for the use and operation of the M/V FENIX ("the charter party").

5.  Under the terms of the charter party PHOENIX agreed to carry a cargo of 21,000 metric tons minimum 10% more or less in Owner's option of MAP bulk from Zhanjiang, China to ports in South Africa.

6.  The charter party further provided that the cargo was to be loaded with customary quick despatch, under which term CONAGRA was required to load the cargo as fast as possible in the circumstances prevailing at the loadport at the time of loading.

7.  The vessel arrived at Zhanjiang and tendered notice of readiness to load on July 19, 2007.

8.  Loading commenced on July 21, 2007 and was only completed on August 23, 2007.

9.  In breach of the charter party terms the vessel did not load with customary quick despatch due to insufficient labor available to load the cargo, insufficient cargo available to load, the need to sort bagged cargo ashore, and the loading of three separate grades of fertilizer as separate cargoes which was not provided for in the charter party.

10. The vessel should have loaded the cargo in 10.78 days

11. As a result of the delay in loading PHOENIX is entitled to be paid demurrage at the rate of $24,000 per day for the extra 21.2 days it took to load for a total due of $508,800.

12. Alternatively, PHOENIX is entitled to recover for the detention of the vessel at the rate of $24,000 per day during the 21.2 day delay for a total due of $508,800.

13. PHOENIX has demanded payment of the demurrage/detention now due and owing but in breach of the charter party CONAGRA has failed and refused to pay same.

14. PHOENIX has fulfilled all obligations required of it under the charter party.

15. The charter party provides that all disputes arising thereunder are to be resolved in London arbitration with English law to apply. This action is brought to obtain security in favor of Plaintiff PHOENIX in respect to its claim against Defendant CONAGRA in aid of London arbitration proceedings, and, to the extent necessary, to compel Defendant CONAGRA to arbitrate pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

16. This action is further brought to obtain security for any additional sums to cover Plaintiff PHOENIX's anticipated costs in arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration.

17. Upon information and belief, and after investigation, Defendant CONAGRA cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire

and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by PHOENIX against CONAGRA includes:

  a. Detention/demurrage in the sum of $508,800;

  b. Interest of $87,340.29 on the above items, calculated at the rate of 8 % per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

  c. Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $150,000;

**For a total sought to be attached in the sum of $746,140.29.**

WHEREFORE, Plaintiff PHOENIX SHIPPING CORPORATION prays:

  a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $508,800.00 plus interest, costs and attorneys fees;

b.     That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$746,140.29,** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.     That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.     For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       September 7, 2007

                 FREEHILL HOGAN & MAHAR, LLP
                 Attorneys for Plaintiff
                 PHOENIX SHIPPING CORPORATION

                 By: _____
                     Michael E. Unger (MU 0045)
                     Manuel A. Molina  (MM 1017)
                     80 Pine Street
                     New York, NY 10005
                     (212) 425-1900
                     (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
7th day of September, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08